

Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 6 2006

at ____ o'clock and 25 min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. JOSUE Y. RAMIREZ _____ Docket No. CR 05-00118-01

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Probation)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Josue Y. Ramirez who was placed on supervision by the Honorable Leslie E. Kobayashi sitting in the Court at Honolulu, Hawaii, on the 29th day of September, 2005, who fixed the period of supervision at two (2) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That restitution of $600 is due immediately to State of Hawaii, Unemployment Insurance Division, Special Activities Unit and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

2. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant perform 100 hours of community service as directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Probation

That the subject has violated the conditions of his probation (Probation Form 7A attached) as follows:

1. From October 2005 through January 2006, the subject failed to make the required installment payments toward his restitution balance, in violation of Special Condition No. 1.

2. In November 2005, the subject failed to notify the Probation Officer within seventy-two hours of being questioned by a law enforcement officer, in violation of Standard Condition No. 11.

3. On 11/27/2005, the subject failed to follow instructions of the Probation Officer, in violation of Standard Condition No. 3.

Prob 12C
(Rev. 1/06 D/HI)

4.  From October 2005 through January 2006, the subject failed to submit a truthful and complete written report within the first five days of each month, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why his conditions of probation should not be modified to add the following special conditions:

*Special Condition No. 4*    That the defendant shall participate in mental health assessment(s), treatment and/or counseling, which may include an anger management program, as directed by the U.S. Probation Office.

*Special Condition No. 5*    That the defendant execute all necessary disclosure, authorization, and waiver forms requested by the Probation Office, in order to provide the Probation Office access to and allow the Probation Office to share any information relevant to the welfare of the defendant's daughter, Victoria Ramirez.

*Special Condition No. 6*    That the defendant shall notify his employer that, pursuant to the conditions imposed by the Court, he is prohibited from traveling outside the island of Oahu and the state of Hawaii without prior approval from the Probation Office; and that the Probation Office is permitted to confirm the defendant's compliance with such notification requirement.

*Special Condition No. 7*    That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

*Special Condition No. 8*    That the defendant serve twelve (12) days of intermittent confinement at the Federal Detention Center (FDC) in Honolulu commencing on the 10th of March, 2006, and to be completed by the 16th of April, 2006. The defendant shall comply with the rules and regulations set forth by the FDC. The defendant shall surrender to the FDC no later than 6:30 p.m. on each Friday and shall be released from the FDC no later than 6:30 p.m. on each Sunday.

Prob 12C
(Rev. 1/06 D/HI)                                                                                          3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why his conditions of probation should not be modified as requested.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    *15th February 2006*

                 *Martin Romualdez*
                 J. MARTIN ROMUALDEZ
                 U.S. Probation Officer

Approved by:

*Timothy M. J—*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

ORDER OF COURT

        THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why his conditions of probation should not be modified as requested.

        Considered and ordered this 15th day of February, 2006, and ordered filed and made a part of the records in the above case.

                 KEVIN S.C. CHANG
                 U.S. Magistrate Judge

Re:    **RAMIREZ, Josue Y.**
       **Criminal No. CR 05-00118-01**
       **REVOCATION OF PROBATION**

## STATEMENT OF FACTS

The subject was convicted of the offense of False Statement to Obtain Unemployment Compensation, in violation of 18 U.S.C. § 1919, a Class A misdemeanor. On 9/29/2005, the subject was sentenced to a 2-year term of probation, which commenced on the same date. On 10/11/2005, the terms and conditions of probation were reviewed with the subject, who acknowledged his understanding of the Court's expectations. In addition, the subject was provided a copy of his conditions for his reference. During his initial intake interview with this officer, the subject was informed about the unannounced home inspections conducted by the Probation Office. In addition, this officer reviewed the financial obligation payment policy of the Probation Office. The subject objected to the collection policy of the Probation Office and indicated that he had reached an agreement with the victim to pay $100 each month toward his restitution obligation. The subject added that he would discuss the policy of the Probation Office with his attorney.

**Violation No. 1 - Failure to Make Required Installment Payments Toward Restitution:** On 10/11/2005, the subject indicated that he had reached an agreement to pay $100 each month toward his restitution balance. He indicated that he would not increase his payments, as required by the collection policy of the Probation Office and the special condition imposed by the U.S. District Court. He added that he intended to address the matter with his attorney. It should be noted that the minimum payment established by the Court was 10 percent of the subject's gross income. At intake, the subject indicated that his gross monthly income was $3,000, which would establish a minimum monthly payment of $300. His net monthly income was reported as $2,200.

On 1/19/2006, this officer contacted the State of Hawaii Unemployment Insurance Division, Special Activities Unit, and was informed that the subject had not made any payments toward his restitution balance since 9/12/2005. When questioned about his failure to pay any installment since the commencement of his probation period, the subject stated that he had been informed that his financial obligation could be converted to community service. The subject added that he obtained this information from a State offender with whom the subject was performing his Court-imposed community service. The subject was verbally reprimanded and agreed to pay off his entire outstanding obligation of $500 by 1/25/2006.

On 1/23/2006, the subject informed this officer that he would not be able to make the $500 payment by the deadline, due to an unforeseen Notice of Levy on Wages that he received in January 2006. Consequently, the subject is currently in default of his financial obligation.

It should be noted that the subject's reported monthly expenses currently exceed his monthly income, given two substantial garnishments to his wages with an aggregate total of approximately $395. His total reported monthly expenses include the following:

Re:    **RAMIREZ, Josue Y.**
       **Criminal No. CR 05-00118-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 2**

rent ($850), motorcycle payment ($425), groceries ($450), cellular telephone ($60), cable and internet service ($55), student loan payment ($110), credit card payments ($60), lunch at work ($45), gasoline expenses ($100), and insurance payments for vehicles ($90).

However, as the Court may recall, before the subject was sentenced in this case, he had reached an agreement with the victim to make restitution payments on a monthly basis. In fact, he had already paid at least $700 before he was sentenced, his last payment of $100 having been made on 9/12/2005. After the subject was sentenced on 9/29/2005 and before the current garnishment of $395 commenced, the subject failed to make any additional payments toward his restitution balance. In addition, the subject's explanation for not making any monthly payments from October 2005 through January 2006 did not include a claim that he was unable to afford the payments.

**Violation No. 2 - Failure to Notify Probation Officer Within 72 Hours of Being Questioned by Law Enforcement:** On 1/23/2006, this officer conducted an unannounced home inspection of the subject's residence. During this home inspection, this officer was accompanied by a supervising probation officer (SUSPO). While this officer was engaged in a conversation with the subject, the SUSPO observed law enforcement citations and related documents on the coffee table and office table in the subject's house. When the SUSPO reached for the documents on the coffee table, the subject immediately became defensive and told the SUSPO not to touch any of his belongings without his permission. Both the SUSPO and this officer attempted to explain the nature of home inspections to the subject, who did not agree with the proffered explanation.

However, the SUSPO was able to review the documents, and it was determined that the subject appears to have been cited for driving a vehicle without appropriate insurance on two separate occasions. On 11/7/2005, the subject was cited by a Honolulu Police Department officer for driving a vehicle without appropriate insurance. On 11/15/2005, the subject was issued the same citation by a military police officer. The subject admitted that he had committed the cited offenses, but later clarified that he was cited for failing to have appropriate vehicle insurance on 11/15/2005 and received a parking citation on 11/7/2005. When asked about his failure to report his contact with law enforcement, the subject claimed that he did not know that he was required to do so.

During the unannounced home inspection on 1/23/2006, the subject became belligerent and hostile when questioned by this officer and the SUSPO. The subject's belligerence and hostility initially became evident when the SUSPO reached for the law enforcement citations, as the subject complained about not being informed that he would be visited that evening and about not being asked permission to inspect items observed in open view.

Re:    **RAMIREZ, Josue Y.**
       **Criminal No. CR 05-00118-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 3**

The subject's aggressive behavior and defensiveness intensified when he was questioned about his relationship with his daughter, Victoria, who is currently under the care and custody of the State of Hawaii Department of Health, Child Welfare Services, and is enrolled in a therapeutic facility on the Big Island. Although the subject admitted that his daughter's placement in the Big Island facility was, in part, attributable to his own behavior, he objected to the questions posed by this officer and the SUSPO, stating that his relationship with his daughter was completely unrelated to his offense of conviction and his conditions of probation. This officer attempted to explain that the subject's relationship with his daughter was intimately related to Standard Condition No. 4, which states that "the defendant shall support his or her dependents and meet other family responsibilities." The subject continued to refuse to discuss his daughter's situation. At one point, the subject assumed an aggressive stance as he faced the SUSPO and indicated that he did not want to continue the conversation with this officer and the SUSPO. This officer asked if the subject would agree to allow the Probation Office to discuss his daughter's situation and status with the appropriate State of Hawaii agency. The subject refused to allow such a dialogue.

**Violation No. 3 - Failure to Follow Instructions of Probation Officer:** On 1/23/2006, the subject informed this officer that he would not be able to make a $500 payment toward his restitution as instructed by this officer, due to an unforeseen Notice of Levy on Wages that he received in January 2006. The subject added that he did not know how much of his wages would be taken by the levy. This officer asked the subject for the date of his next paycheck, and the subject indicated that he would receive a paycheck on the following Friday, 1/27/2006. This officer instructed the subject to contact this officer on 1/27/2006 to inform this officer regarding the amount of funds that he received with his next paycheck and the amount of funds that appeared to be levied. Based on this information, this officer would calculate an appropriate restitution installment amount.

On 1/27/2006, the subject failed to contact this officer as instructed. When asked about his failure to contact this officer, the subject stated that he had been unable to discuss the matter with the personnel department at his employment.

**Violation No. 4 - Failure to Submit Monthly Supervision Reports:** On 10/11/2005, the subject was instructed to submit monthly supervision reports for each month within the first five days of the following month. The subject failed to submit such reports as required from October 2005 through January 2006. When asked on 1/19/2006 about his failure to submit such reports, the subject claimed that he did not know that he was required to do so. The subject was reminded that this requirement had been explained to him during his initial intake interview on 10/11/2005.

On 2/6/2006, this officer met with the subject at the Probation Office to discuss the above-cited violations as well as his behavior during the home inspection. At the beginning

Re:    **RAMIREZ, Josue Y.**
       **Criminal No. CR 05-00118-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 4**

of the interview, the subject was very friendly and even laughed at certain moments. The nature of the Court-ordered home visits was discussed in detail with the subject. Although he stated that the conditions imposed by the Court mentioned "home visits" rather than home inspections, he added that he now understood that home visits were, in fact, home inspections, and that he would have no problem with such inspections, as he had "nothing to hide." He stated that he understood that probation officers were authorized to inspect any item that was discovered in open view.

As this officer continued to interview the subject and began to discuss the possible sanctions for the subject's violations, including intermittent confinement, the subject became increasingly defensive and resisted answering this officer's questions directly. When questioned about his work schedule and whether it would permit him to serve intermittent confinement, the subject answered: "I don't know." He also stated that if he had to serve intermittent confinement, he would have no choice. When this officer attempted to clarify whether there would be an irreconcilable conflict with his work, the subject stated that he felt that this officer was trying to put words in his mouth in order to use them against him in Court. This officer attempted to explain that it was the intent of this officer to provide the Court with any and all relevant information regarding the feasibility of intermittent confinement as a sanction option, but the subject countered that he would discuss the matter with his attorney. This officer then abandoned this line of questioning.

The subject's failure to abide by the most basic conditions of his probation, including the submission of monthly reports and his failure to make restitution payments (even in accordance with an agreement that he himself reached with the victim), demonstrates the subject's dismissive attitude toward the conditions imposed by the Court. His behavior indicates that he feels that he is not accountable to any authority, and his defiant attitude and violation for driving a vehicle without appropriate insurance support this conclusion.

Re:     **RAMIREZ, Josue Y.**
        **Criminal No. CR 05-00118-01**
        **REVOCATION OF PROBATION**
        **STATEMENT OF FACTS - Page 5**


Accordingly, we request the Issuance of a Summons and that the subject be brought before the Court to show cause why his conditions of probation should not be modified as requested.

Respectfully submitted by,


J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:


TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/st

Re:    **RAMIREZ, Josue Y.**
       **Criminal No. CR 05-00118-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 6**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall participate in mental health assessment(s), treatment and/or counseling, which may include an anger management program, as directed by the U.S. Probation Office.

That the defendant execute all necessary disclosure, authorization, and waiver forms requested by the Probation Office, in order to provide the Probation Office access to and allow the Probation Office to share any information relevant to the welfare of the defendant's daughter, Victoria Ramirez.

That the defendant shall notify his employer that, pursuant to the conditions imposed by the Court, he is prohibited from traveling outside the island of Oahu and the state of Hawaii without prior approval from the Probation Office; and that the Probation Office is permitted to confirm the defendant's compliance with such notification requirement.

That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

That the defendant serve twelve (12) days of intermittent confinement at the Federal Detention Center (FDC) in Honolulu commencing on the 10th of March, 2006, and to be completed by the 16th of April, 2006. The defendant shall comply with the rules and regulations set forth by the FDC. The defendant shall surrender to the FDC no later than 6:30 p.m. on each Friday and shall be released from the FDC no later than 6:30 p.m. on each Sunday.

PROB 7A
(Rev. 9/00; D/HI 7/02)

### Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:     JOSUE Y. RAMIREZ
Address:

Docket No. CR 05-00118-01

 Under the terms of this sentence, the defendant has been placed on probation by the Honorable Leslie E. Kobayashi, U.S. Magistrate Judge for the District of Hawaii. The defendant's term of supervision is for a period of two (2) years commencing 9/29/2005.

 While on probation, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

 If the judgment imposed a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

 The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[ ]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

 [✓] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)  The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(Special conditions continued on next page)*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

       These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      10-11-2005
      JOSUE Y. RAMIREZ, Defendant          Date

_____      10-11-2005
    J. MARTIN ROMUALDEZ          Date
    U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    JOSUE Y. RAMIREZ
       Docket No.  CR 05-00118-01

Conditions of Probation and Supervised Release
(continued from previous page)

1)  That restitution of $600 is due immediately to State of Hawaii, Unemployment Insurance
Division, Special Activities Unit and any remaining balance upon release from confinement
be paid during the period of supervision on an installment basis according to the collection
policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross
income.

2)  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S.
Attorney's Office access to any requested financial information to include submitting to
periodic debtor's examinations as directed by the Probation Office.

3)  That the defendant perform 100 hours of community service as directed by the Probation
Office.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy
of them.

(Signed) _____          10-11-2005
            JOSUE Y. RAMIREZ, Defendant                     Date

            _____          10.11.2005
            J. MARTIN ROMUALDEZ                              Date
            U.S. Probation Officer