Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

# United States District Court

for the

# DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 4 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. JOSUE Y. RAMIREZ                               Docket No. CR 05-00118-01

**AMENDED REQUEST FOR COURSE OF ACTION**
(Statement of Additional Alleged Violations of Probation)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Josue Y. Ramirez who was placed on supervision by the Honorable Leslie E. Kobayashi sitting in the Court at Honolulu, Hawaii, on the 29th day of September, 2005, who fixed the period of supervision at two (2) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That restitution of $600 is due immediately to State of Hawaii, Unemployment Insurance Division, Special Activities Unit and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

2. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant perform 100 hours of community service as directed by the Probation Office.

On 2/27/2006, the subject appeared before the Court pursuant to a Request for Course of Action, filed on 2/16/2006, recommending the modification of the subject's conditions of probation. The Court modified the subject's conditions of probation, after the subject admitted, with explanation, to having committed the following violations: from October 2005 through January 2006, the subject failed to make the required installment payments toward his restitution balance; in November 2005, the subject failed to notify the Probation Officer within seventy-two hours of being questioned by a law enforcement officer; on 11/27/2005, the subject failed to follow instructions of the Probation Officer; and from October 2005 through January 2006, the subject failed to submit a truthful and complete written report within the first five days of each month. The Court modified and imposed the following additional special conditions:

Prob 12C
(Rev. 1/06 D/HI)

2

1. That restitution of $600 is due immediately to State of Hawaii, Unemployment Insurance Division, Special Activities Unit and any remaining balance upon release from confinement be paid during the period of supervision on a monthly installment basis, at rate of not less than $50 and up to10 percent of his monthly gross income, based on the defendant's ability to pay, as determined by the Probation Office.

4. That the defendant shall participate in mental health assessment(s), treatment and/or counseling, which may include an anger management program, as directed by the U.S. Probation Office.

5. That the defendant execute all necessary disclosure, authorization, and waiver forms requested by the Probation Office, in order to provide the Probation Office access to and allow the Probation Office to share any information relevant to the welfare of the defendant's daughter, Victoria Ramirez.

6. That the defendant shall notify his employer that, pursuant to the conditions imposed by the Court, he is prohibited from traveling outside the island of Oahu and the state of Hawaii without prior approval from the Probation Office; and that the Probation Office is permitted to confirm the defendant's compliance with such notification requirement.

7. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Additional Alleged Violation(s) of Probation</u>

That the subject has violated the conditions of his probation (Order Modifying Conditions of Probation attached) as follows:

5. From 4/10/2006 through 6/1/2006, the subject failed to provide all necessary disclosure, authorization, and waiver forms requested by the Probation Office, in violation of Special Condition No. 5.

6. In April 2006, the subject failed to make the required installment payment toward his restitution balance, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that the Court modify the subject's conditions of probation to add the following special condition:

Prob 12C
(Rev. 1/06 D/HI)

3

*Special Condition No. 8*    That the defendant serve twelve (12) days of intermittent confinement on consecutive weekends at the Federal Detention Center (FDC) in Honolulu commencing on the 30th of June, 2006, and to be completed by the 23rd of July, 2006. The defendant shall comply with the rules and regulations set forth by the FDC. The defendant shall surrender to the FDC no later than 6:30 p.m. on each Friday and shall be released from the FDC no later than 6:30 p.m. on each Sunday.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] That the Court modify the subject's conditions of probation as requested.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on _14th of June 2006_

*/s/ Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*/s/ Timothy M. J.*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS that the subject's conditions of probation be modified as requested.

Considered and ordered this 14th day of June, 2006, and ordered filed and made a part of the records in the above case.

KEVIN S.C. CHANG
U.S. Magistrate Judge

Re:     **RAMIREZ, Josue Y.**
        **Criminal No. CR 05-00118-01**
        **REVOCATION OF PROBATION**

## STATEMENT OF FACTS

On 2/27/2006, the subject was summoned before the Court to address alleged violations of his conditions of probation. The subject admitted to each violation but provided explanations for his non-compliance.

With regard to his failure to pay restitution, the subject explained that he had been financially incapable of making the required payments. However, during the hearing, the subject represented that he was now able to make the required payments. When asked by the Court to indicate what minimum amount he could pay toward his restitution obligation, the subject indicated that he would be able to pay at least $50.00 each month.

With regard to his failure to notify this officer within 72 hours of being questioned by a law enforcement officer, the subject stated that he had not been aware that the notification requirement applied to traffic citations.

With regard to his failure to follow this officer's instructions, the subject stated that he had misunderstood those instructions.

With regard to his failure to submit monthly supervision reports, the subject admitted that he was "guilty of forgetting" and added that he had been "caught up in so many things."

After the subject admitted to each violation, his attorney represented that the subject was willing to accept the imposition of additional special conditions, to wit, Special Condition Nos. 4 through 7, which are detailed above. Significantly, the subject's attorney stated:

> [The subject was] willing to sign all authorizations necessary to allow Mr. Romualdez to understand what the [State of Hawaii] Family Court has planned for his visits to his daughter and the reunification plan, because the reunification plan would include trips to the Big Island or therapy sessions and meetings with his daughter.

With regard to Special Condition No. 8, which would have required the subject to serve a term of intermittent confinement, the subject's attorney suggested that the Court continue the matter for a period of 90 days to review the subject's status of compliance. The Court concurred with this recommendation. The Court also made it clear that the subject was expected to "fully comply with all of the conditions of [his] probation." In

Re:   **RAMIREZ, Josue Y.**
      **Criminal No. CR 05-00118-01**
      **REVOCATION OF PROBATION**
      **STATEMENT OF FACTS - Page 2**

addition, the Court indicated that if it received another negative report regarding the subject, it would consider a term of incarceration as opposed to intermittent confinement.

**Violation No. 1 - Failure to Provide All Necessary Disclosure, Authorization, and Waiver Forms:** On 3/13/2006, the subject executed an Authorization to Release Information to Probation Officer, which granted this officer access to "any information . . . . pertaining to [the subject's] psychological and psychiatric records." This broad waiver would have allowed the subject's therapist to provide a full range of information to this officer, including clinical impressions, diagnoses, treatment goals, and prognoses. Based on a representation by the subject's attorney on 2/27/2006 that the subject had recently changed therapists, this officer believed that the subject would need a period of transition before his new therapist could be questioned regarding the subject's status.

On 4/10/2006, this officer contacted the subject's new therapist and asked for information regarding the subject's treatment. The therapist informed this officer that the subject had revoked his Authorization to Release Information to Probation Officer and had only authorized his therapist to disclose whether or not the subject was attending his therapy sessions. The therapist confirmed that the subject was attending his therapy sessions. On 6/1/2006, the therapist indicated that the severely limited authorization remained in place.

On 6/2/2006, the subject was questioned about his revocation of the general authorization. The subject indicated that since this officer had informed the State of Hawaii Department of Human Services (DHS) that he was not permitted to travel to the Big Island to meet with his daughter, the subject had unilaterally decided to revoke the general authorization. The subject felt that if this officer's input was not assisting the reunification plan with his daughter, then the subject would not allow this officer access to his therapy information. This officer clarified that letters were forwarded to DHS prohibiting the subject from traveling to the Big Island in response to two specific incidents.

On 3/6/2006, this officer forwarded a letter to DHS prohibiting the subject from traveling to the Big Island after being informed that the subject had represented to DHS that he had been given verbal approval by this officer to travel to the Big Island. No such verbal approval had been given. The subject denied having made such a representation. On 4/10/2006, this officer forwarded another letter to DHS confirming the prohibition after this officer discovered that the subject had revoked his general authorization.

Re:   **RAMIREZ, Josue Y.
Criminal No. CR 05-00118-01
REVOCATION OF PROBATION
STATEMENT OF FACTS - Page 3**

     On 6/2/2006, this officer asked the subject if he was willing to execute another general authorization form that would allow this officer unfettered access to his therapy information. Initially, the subject expressed defiance, stating that he had forwarded all of this officer's communications with DHS to his attorney and that he would take the matter up at his next Court date. This officer explained that the subject had to understand that he was in violation of the Court's orders and would continue to be in violation if he persisted in denying this officer access to his therapy information. After a lengthy discussion, the subject relented and executed another Authorization to Release Information to Probation Officer.

     This officer has since established a dialogue with the subject's most recent therapist, who is willing to prepare a report relating to her clinical impressions of the subject. The Court should also be aware that the subject's therapeutic treatment with this therapist was discontinued in May 2006 due to a change in the subject's insurance coverage. The subject has not yet recommenced therapy sessions but has expressed his intent to do so.

     **<u>Violation No. 2 - Failure to Make Required Installment Payments Toward Restitution</u>:** In April 2006, the subject failed to make the minimum required installment payment toward his restitution. His payment record indicates that the victim received $50 payments on 3/28/2006 and 5/10/2006. On 6/2/2006, this officer questioned the subject about his failure to make a payment in April 2006. He stated that he would not consider the lack of a payment in April 2006 as a failure to make a payment. Rather, he argued that the payment that the victim received on 5/10/2006 should be considered a late payment for April 2006. As it was already June 2006, this officer asked the subject if he had forwarded any other payments to the victim in May 2006. He indicated that he had not.

     This officer then discussed the subject's reported income and expenses for the period from March 2006 through May 2006. According to the subject's monthly reports, at the end of March, April, and May 2006, the subject had surplus funds of $163, $362, and $0.00, respectively. Given these surplus amounts, which yields an average monthly surplus of $175, this officer instructed the subject to make the following installment payments: $150 in June 2006, $150 in July 2006, and $100 in August 2006. These payments should result in the complete satisfaction of the subject's restitution obligation.

     The subject's continued failure to comply with his conditions of probation, when considered in light of the opportunity the Court afforded him at the last hearing on 2/27/2006, demonstrates the subject's dismissive attitude toward the conditions

Re: **RAMIREZ, Josue Y.**
**Criminal No. CR 05-00118-01**
**REVOCATION OF PROBATION**
**STATEMENT OF FACTS - Page 4**

imposed by the Court. His behavior continues to indicate that he feels that he is not accountable to any authority, and his argument regarding his restitution payments clearly support this conclusion. Accordingly, we request that the subject's conditions of probation be modified as requested.

Respectfully submitted by,

*J. Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*Timothy M. Jenkins*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/ct

RECEIVED

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

'06 MAR 10 A2:31

TRACY A. HINO #3202
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Tracy.Hino@usdoj.gov

U.S. PROBATION OFFICE
HONOLULU, HAWAII

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00118 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER MODIFYING CONDITIONS |
| vs. | ) | OF PROBATION; CERTIFICATE |
| | ) | OF SERVICE |
| JOSUE Y. RAMIREZ, | ) | |
| Defendant. | ) | |

ORDER MODIFYING CONDITIONS OF PROBATION

On February 27, 2006, the Court had a hearing on the United States Probation Office's petition for modifications of conditions of probation. Tracy Hino, Assistant U.S. Attorney, and J. Martin Romualdez, United States Probation Officer, appeared on behalf of the government. Donna Gray, Assistant Federal public Defender, appeared on behalf of defendant JOSUE Y. RAMIREZ, who was also present. The Court having considered the petition, the

supporting memorandum, and the arguments of counsel, and good cause appearing,

IT IS HEREBY ORDERED that the petition be and is granted in part, and denied in part, and that the Defendant's conditions of probation shall be modified by amending the wording of Special Condition 1 and by adding Special Condition Nos. 4 and 7:

| | |
|---|---|
| Special Condition No. 1 | That restitution of $600 is due immediately to State of Hawaii, Unemployment Insurance Division, Special Activities Unit and any remaining balance upon release from confinement be paid during the period of supervision on a monthly installment basis, at a rate of not less than $50 and up to 10 percent of his monthly gross income, based on the Defendant's ability to pay, as determined by the Probation Office. |
| Special Condition No. 4 | That the Defendant shall participate in mental health assessment(s), treatment and/or counseling, which may include an anger management program, as directed by the U.S. Probation Office. |
| Special Condition No. 5 | That the Defendant execute all necessary disclosure, authorization, and waiver forms requested by the Probation Office, in order to provide the Probation Office access to and allow the Probation Office to share any information relevant to the welfare of the Defendant's daughter, Victoria Ramirez. |
| Special Condition No. 6 | That the Defendant shall notify his employer that, pursuant to the conditions imposed by the Court, he is prohibited from traveling outside the island of Oahu and the state of Hawaii |

2

|  |  |
|---|---|
|  | without prior approval from the Probation office; and that the Probation Office is permitted to confirm the Defendant's compliance with such notification requirement. |
| Special Condition No. 7 | That the Defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The Defendant shall warn any other resident that the premises may be subject to search pursuant to this condition. |

In addition, the Court scheduled a status hearing for June 7, 2006 at 9:30 a.m. to review the Defendant's supervision adjustment.

All other conditions of probation previously imposed shall remain in effect.

DATED: March 8, 2006, at Honolulu, Hawaii.



_____
Kevin S.C. Chang
United States Magistrate Judge

USA v. JOSUE Y. RAMIREZ
Cr. No. 05-00118
Order Modifying Conditions of Probation

3

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served by hand-delivery on the following at their last known addresses:

Donna M. Gray
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Ala Moana Blvd., Rm 7-104
Honolulu, HI 96850

Attorney for Defendant


J. MARTIN ROMUALDEZ
U.S. Probation Officer
United States Probation Office
300 Ala Moana Boulevard, Room C126
Honolulu, Hawaii 96850

DATED: March 7, 2006, at Honolulu, Hawaii.


/s/ Valerie Domingo